Kyle
General Delivery
In Care Of: P.O. Box 9653
Canoga Park, California [91304-9998]
E-Mail: KylePerezEstate@gmail.com
Telephone: (310) 876-4681

Plaintiff in *Propria Persona*

LA CV16 04907-DSF-PLAx

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kyle,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBINSON & ASSOCIATES,<br>MICHAEL G. ALEX,<br><br>　　　　Defendants, | Case No.<br><br>**VERIFIED COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, RESTITUTION, OTHER EQUITABLE RELIEF AND REQUEST FOR SANCTIONS** |

Plaintiff Kyle (hereafter "Plaintiff") sues ROBINSON & ASSOCIATES ("ROBINSON") and MICHAEL G. ALEX ("Michael") for money damages resulting from gross negligence (extreme carelessness), infliction of emotional distress and violations of the FCRA and FDCPA, and declares as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for money damages in excess of $75,000 for negligence, infliction of emotional distress, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., violations of the Fair Debt Collection Practices Act ("FDCPA") §809(b) arising out of ROBINSON's false reporting to the credit reporting agencies of an alleged debt that was never validated, and out of the invasion of Plaintiff's personal and financial privacy by the Defendants.

## II. PARTIES

2. Plaintiff is currently and has at all relevant times been domiciled in the County of Los Angeles, California.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA §803(3).

4. Defendant ROBINSON is a corporation doing business in the state of California with its principal place of business at: 1612 Beverly Boulevard. Los Angeles, California 90026.

5. ROBINSON is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Michael is the President of Robinson & Associates and a resident of California.

## III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions

- 1 -

and occurrences giving rise to this action occurred in Los Angeles County, California as a result of the Defendants doing business in California.

## IV. FACTUAL BACKGROUND

1. On or around August 2013 Plaintiff became aware that Defendants were reporting negative/derogatory remarks on Plaintiff's personal credit.

2. On 26 August 2013 Plaintiff demanded debt validation/verification from Defendants.

3. Over the course of more than a year, Defendants were never able to validate the alleged debt against Plaintiff.

4. Plaintiff requested Defendants to remove the negative/derogatory remark on His personal credit after a debt validation could not be obtained.

5. On 25 November 2014 Defendant's employee Georganne M. Alex sent a letter to Plaintiff stating that Plaintiff's account was "closed" and Defendants had "deleted" their listing on Plaintiff's account with the credit reporting agencies.

6. In August 2015, almost a year later, Plaintiff discovered that Defendants were still reporting negative and derogatory remarks to the credit-reporting agency Transunion.

7. On or around 21 August 2015 Plaintiff sent a "Notice of Intent to Sue and Offer for Settlement" to Defendants by certified mail.

8. On 01 September 2015 Defendant Michael G. Alex sent Plaintiff a letter stating that Defendants had, "deleted our listing from the credit reporting agencies; once as a response to a dispute on 12/23/2013, again on 11/25/2014 and today (September 1, 2015)." In the letter Michael G. Alex also stated, "We find no violations of any laws that exist regarding our compliance."

9. On 23 September 2015 Plaintiff sent a Final Offer for Settlement letter by certified mail to Defendants. Defendants did not respond.

10. On 10 November 2015 Plaintiff called Defendants and in good faith presented them with an out of court settlement offer. Plaintiff spoke with Defendant's

employees Georganne M. Alex and Defendant John Torres who attempted to collect on the fraudulent debt *again* before transferring Plaintiff to Defendant Michael G. Alex.

11. On 10 November 2015 after speaking to Defendant's employees Georganne M. Alex and Defendant John Torres, Defendant Michael, in a very rude and arrogant fashion, stated that nothing would be settled over the phone, and in fact enticed Plaintiff to file suit.

12. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, TransUnion failed to remove the disputed item from Plaintiff's credit report. TransUnion did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following TransUnion's receipt of Plaintiff's dispute.

13. Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the Robinson account

14. As a result of Defendants' actions, Plaintiff filed a complaint against defendants on 25 March 2016 in the Central District of California as case No. 2:16-cv-02051.

15. Apparently, there was an issue with Plaintiff's mail being returned and as a result, the above referenced action was dismissed without prejudice per Fed. R. Civ. P. 41(b) on 17 June 2016.

16. Before the case was dismissed because of local rule 41-6, Plaintiff settled out of court with TransUnion and dismissed his complaint against TransUnion on 22 April 2016.

17. In the interim of the entire action being dismissed without prejudice, Plaintiff and Defendant Robinson had come to a settlement agreement as well.

- 3 -

18. Plaintiff executed the settlement agreement drawn up by Robinson in front of a California notary, Plaintiff furnished a signed W9 and Plaintiff complied with Defendant's request to dismiss them from the complaint on case No. 2:16-cv-02051.

19. Defendant Robinson did not honor their side of the agreement and ultimately refused to send the settlement check.

20. Plaintiff contends that Defendant Robinson's counsel (Bernard Arthur Leckie – BAR #30180) is incompetent and spiteful of Plaintiff.

21. As a result of Robinson's failure to honor their side of the agreement and send the settlement check, Plaintiff brings this action in this court again and seeks punitive damages against Defendants and sanctions against Bernard Arthur Leckie – BAR #30180.

## V. CLAIMS

### Negligence – ROBINSON

22. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. ROBINSON's false reporting to the major credit reporting agencies regarding an alleged delinquent debt was negligent under applicable law.

24. In falsely reporting the alleged debt as delinquent, ROBINSON breached its duty to Plaintiff to report <u>accurate information</u> regarding Plaintiff's credit history

25. Robinson acted with conscious disregard for Plaintiff's rights.

26. As a proximate result, ROBINSON's false reporting to the major credit reporting agencies regarding the alleged delinquent debt of the Plaintiff has caused Plaintiff to suffer substantial money damages and damage of character and reputation, including, but not limited to, Plaintiff being denied car loans, home loans, Macy's accounts, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating and other compensatory and consequential damages.

27. ROBINSON's false reporting to the major credit reporting agencies regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefore.

28. Robinson's outright refusal to remain in honor from the beginning and their counsel Bernard Leckie are extremely careless in their disregard for the rights of Plaintiff.

**Infliction of Emotional Distress – ROBINSON**

29. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. ROBINSON acted with intentional and reckless disregard of the rights of Plaintiff.

31. Defendants knew or should have known it was reasonably foreseeable that the acts would cause severe emotional distress.

32. Defendant's conduct was outrageous, indecent, atrocious, odious, uncivilized, and intolerable.

33. Plaintiff suffered emotional distress as a proximate result.

**Defamation – ROBINSON**

34. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. ROBINSON, with knowledge of the falsity of its statements, has published statements to others, including, but not limited to, Experian, Equifax and TransUnion that Plaintiff was past due on the alleged ROBINSON account

36. ROBINSON published that the alleged account was "delinquent".

37. ROBINSON 's statements were made with conscious disregard for the rights of Plaintiff.

38. ROBINSON's publication of false statements regarding Plaintiffs' creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and

defamation per se of the Plaintiffs, entitling Plaintiff to compensatory, special, consequential and punitive damages therefore.

### Negligent Violation of the Fair Credit Reporting Act – ROBINSON

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. ROBINSON'S false reporting to the major credit reporting agencies of Plaintiff's alleged delinquency is a violation of ROBINSON'S <u>duties</u> as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

41. ROBINSON's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ROBINSON is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's reasonable fees associated with filing suit and litigating this case.

### Willful Violation of the Fair Credit Reporting Act – ROBINSON

42. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. ROBINSON'S false reporting to the major credit reporting agencies of Plaintiff alleged delinquency, despite ROBINSON'S knowledge of the falsity of its reporting, is a willful violation of ROBINSON's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

44. Given ROBINSON'S knowledge of the falsity of its reporting, ROBINSON's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ROBINSON is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's reasonable fees associated with filing suit and litigating a lawsuit.

### Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Employees or Agents – Michael

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Defendant Michael's agents or employees are allowed/encouraged to break the law.

47. Defendant Michael is aware or should have been aware of the wrongful conduct of his employees or agents.

48. Defendant Michael extremely carelessly, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the injuries suffered by Plaintiff.

WHEREFORE Plaintiff demands judgment for money damages, injunctive relief against Defendants, sanctions against Bernard Arthur Leckie – BAR #30180 and demands:

1. Trial by jury on all issues so triable;
2. Judgment against each of the Defendants for statutory, compensatory, consequential, special and punitive damages in the amount of $75,000 per Defendant;
3. For Plaintiffs' fees and costs associated with filing suits and litigating this lawsuit; and;
4. Such other and further relief as the Court may deem reasonable and just under the circumstances.

by: */s/ Kyle*     DATED: 7/5/2016
Plaintiff In *Propria Persona*
General Delivery
In Care Of: P.O. Box 9653
Canoga Park, California [91304-9998]

## VERIFICATION

I, Kyle, declare and state as follows:

 I am the Plaintiff in the above-entitled matter. I have read the foregoing Verified Complaint and know the content thereof, and the same is true of my own knowledge, except as to matters which are stated upon my own information and belief, which I believe to be true.

 I declare under penalty of perjury that the foregoing is true and correct. Executed on 7/5/2016 at Los Angeles, California.

by: *KD* (signature)

Kyle

All Rights Reserved

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )    **DEFENDANTS** ( Check box if you are representing yourself ☐ )

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Kyle
General Delivery
In Care Of: P.O. Box 9653
Canoga Park, California [91304-9998]    E-Mail: KylePerezEstate@gmail.com

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1681 et seq. Permanent injunction, Civil penalties, Restitution and other Equitable relief for violations of the FCRA. and defamation.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☒ 480 Consumer Credit | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Com-modities/Exchange | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number: LA CV16 04907-DSF-PLAx

CV-71 (02/16)    CIVIL COVER SHEET    Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**? ☐ NO ☒ YES

If yes, list case number(s): 2:16-cv-02051

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** by: KP   DATE: 7/5/2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |