```
                                                      FILED
1  Kyle Perez
2  General Delivery
   In Care Of: P.O. Box 9653                    2016 AUG -5  PM 12: 59
3  Canoga Park, California [91304-9998]
   E-Mail: KylePerezEstate@gmail.com            CLERK U.S. DISTRICT COURT
4  Telephone: (310) 876-4681                    CENTRAL DIST. OF CALIF.
                                                    LOS ANGELES
5                                               BY:_____
6  Plaintiff in Propria Persona
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kyle Perez,<br><br>    Plaintiff,<br><br>v.<br><br>ROBINSON & ASSOCIATES,<br>MICHAEL G. ALEX,<br><br>    Defendants, | Case No. CV 16-4907 PA (Ex)<br><br>**AMENDED VERIFIED COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, RESTITUTION, OTHER EQUITABLE RELIEF AND REQUEST FOR SANCTIONS** |

Plaintiff Kyle Perez (hereafter "Plaintiff") sues ROBINSON & ASSOCIATES ("ROBINSON") and MICHAEL G. ALEX ("Michael") for money damages resulting from gross negligence (extreme carelessness), infliction of emotional distress and violations of the FCRA and FDCPA, and declares as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for money damages in excess of $75,000 for negligence, infliction of emotional distress, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., violations of the Fair Debt Collection Practices Act ("FDCPA") §809(b) arising out of ROBINSON's false reporting to the credit reporting agencies of an alleged debt that was never validated, and out of the invasion of Plaintiff's personal and financial privacy by the Defendants.

## II. PARTIES

2. Plaintiff is currently and has at all relevant times been domiciled in the County of Los Angeles, California.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA §803(3).

4. Defendant ROBINSON is a corporation doing business in the state of California with its principal place of business at: 1612 Beverly Boulevard. Los Angeles, California 90026.

5. ROBINSON is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Michael is the President of Robinson & Associates and a resident of California.

## III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions

- 1 -

and occurrences giving rise to this action occurred in Los Angeles County, California as a result of the Defendants doing business in California.

## IV. FACTUAL BACKGROUND

1. On or around August 2013 Plaintiff became aware that Defendants were reporting negative/derogatory remarks on Plaintiff's personal credit.

2. On 26 August 2013 Plaintiff demanded debt validation/verification from Defendants.

3. Over the course of more than a year, Defendants were never able to validate the alleged debt against Plaintiff.

4. Plaintiff requested Defendants to remove the negative/derogatory remark on His personal credit after a debt validation could not be obtained.

5. On 25 November 2014 Defendant's employee Georganne M. Alex sent a letter to Plaintiff stating that Plaintiff's account was "closed" and Defendants had "deleted" their listing on Plaintiff's account with the credit reporting agencies.

6. In August 2015, almost a year later, Plaintiff discovered that Defendants were still reporting negative and derogatory remarks to the credit-reporting agency Transunion.

7. On or around 21 August 2015 Plaintiff sent a "Notice of Intent to Sue and Offer for Settlement" to Defendants by certified mail.

8. On 01 September 2015 Defendant Michael G. Alex sent Plaintiff a letter stating that Defendants had, "deleted our listing from the credit reporting agencies; once as a response to a dispute on 12/23/2013, again on 11/25/2014 and today (September 1, 2015)." In the letter Michael G. Alex also stated, "We find no violations of any laws that exist regarding our compliance."

9. On 23 September 2015 Plaintiff sent a Final Offer for Settlement letter by certified mail to Defendants. Defendants did not respond.

10. On 10 November 2015 Plaintiff called Defendants and in good faith presented them with an out of court settlement offer. Plaintiff spoke with Defendant's

employees Georganne M. Alex and Defendant John Torres who attempted to collect on the fraudulent debt *again* before transferring Plaintiff to Defendant Michael G. Alex.

11.   On 10 November 2015 after speaking to Defendant's employees Georganne M. Alex and Defendant John Torres, Defendant Michael, in a very rude and arrogant fashion, stated that nothing would be settled over the phone, and in fact enticed Plaintiff to file suit.

12.   Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, TransUnion failed to remove the disputed item from Plaintiff's credit report. TransUnion did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following TransUnion's receipt of Plaintiff's dispute.

13.   Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the Robinson account

14.   As a result of Defendants' actions, Plaintiff filed a complaint against defendants on 25 March 2016 in the Central District of California as case No. 2:16-cv-02051.

15.   Apparently, there was an issue with Plaintiff's mail being returned and as a result, the above referenced action was dismissed without prejudice per Fed. R. Civ. P. 41(b) on 17 June 2016.

16.   Before the case was dismissed because of local rule 41-6, Plaintiff settled out of court with TransUnion and dismissed his complaint against TransUnion on 22 April 2016.

17.   In the interim of the entire action being dismissed without prejudice, Plaintiff and Defendant Robinson had come to a settlement agreement as well.

18. Plaintiff executed the settlement agreement drawn up by Robinson in front of a California notary, Plaintiff furnished a signed W9 and Plaintiff complied with Defendant's request to dismiss them from the complaint on case No. 2:16-cv-02051.

19. Defendant Robinson did not honor their side of the agreement and ultimately refused to send the settlement check.

20. Plaintiff contends that Defendant Robinson's counsel (Bernard Arthur Leckie – BAR #30180) is incompetent and spiteful of Plaintiff.

21. As a result of Robinson's failure to honor their side of the agreement and send the settlement check, Plaintiff brings this action in this court again and seeks punitive damages against Defendants and sanctions against Bernard Arthur Leckie – BAR #30180.

## V. CLAIMS

### Negligence – ROBINSON

22. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. ROBINSON's false reporting to the major credit reporting agencies regarding an alleged delinquent debt was negligent under applicable law.

24. In falsely reporting the alleged debt as delinquent, ROBINSON breached its duty to Plaintiff to report <u>accurate information</u> regarding Plaintiff's credit history

25. Robinson acted with conscious disregard for Plaintiff's rights.

26. As a proximate result, ROBINSON's false reporting to the major credit reporting agencies regarding the alleged delinquent debt of the Plaintiff has caused Plaintiff to suffer substantial money damages and damage of character and reputation, including, but not limited to, Plaintiff being denied car loans, home loans, Macy's accounts, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating and other compensatory and consequential damages.

27. ROBINSON's false reporting to the major credit reporting agencies regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefore.

28. Robinson's outright refusal to remain in honor from the beginning and their counsel Bernard Leckie are extremely careless in their disregard for the rights of Plaintiff.

### Infliction of Emotional Distress – ROBINSON

29. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. ROBINSON acted with intentional and reckless disregard of the rights of Plaintiff.

31. Defendants knew or should have known it was reasonably foreseeable that the acts would cause severe emotional distress.

32. Defendant's conduct was outrageous, indecent, atrocious, odious, uncivilized, and intolerable.

33. Plaintiff suffered emotional distress as a proximate result.

### Defamation – ROBINSON

34. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. ROBINSON, with knowledge of the falsity of its statements, has published statements to others, including, but not limited to, Experian, Equifax and TransUnion that Plaintiff was past due on the alleged ROBINSON account

36. ROBINSON published that the alleged account was "delinquent".

37. ROBINSON 's statements were made with conscious disregard for the rights of Plaintiff.

38. ROBINSON's publication of false statements regarding Plaintiffs' creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and

defamation per se of the Plaintiffs, entitling Plaintiff to compensatory, special, consequential and punitive damages therefore.

**Negligent Violation of the Fair Credit Reporting Act – ROBINSON**

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. ROBINSON'S false reporting to the major credit reporting agencies of Plaintiff's alleged delinquency is a violation of ROBINSON'S <u>duties</u> as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

41. ROBINSON's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ROBINSON is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's reasonable fees associated with filing suit and litigating this case.

**Willful Violation of the Fair Credit Reporting Act – ROBINSON**

42. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. ROBINSON'S false reporting to the major credit reporting agencies of Plaintiff alleged delinquency, despite ROBINSON'S knowledge of the falsity of its reporting, is a willful violation of ROBINSON's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

44. Given ROBINSON'S knowledge of the falsity of its reporting, ROBINSON's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ROBINSON is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's reasonable fees associated with filing suit and litigating a lawsuit.

**Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Employees or Agents – Michael**

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Defendant Michael's agents or employees are allowed/encouraged to break the law.

47. Defendant Michael is aware or should have been aware of the wrongful conduct of his employees or agents.

48. Defendant Michael extremely carelessly, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the injuries suffered by Plaintiff.

WHEREFORE Plaintiff demands judgment for money damages, injunctive relief against Defendants, sanctions against Bernard Arthur Leckie – BAR #30180 and demands:

1. Trial by jury on all issues so triable;
2. Judgment against each of the Defendants for statutory, compensatory, consequential, special and punitive damages in the amount of $75,000 per Defendant;
3. For Plaintiffs' fees and costs associated with filing suits and litigating this lawsuit; and;
4. Such other and further relief as the Court may deem reasonable and just under the circumstances.

by: /s/ Kyle Perez    DATED: 8/4/2016
Plaintiff In *Propria Persona*
General Delivery
In Care Of: P.O. Box 9653
Canoga Park, California [91304-9998]

## VERIFICATION

I, Kyle, declare and state as follows:

I am the Plaintiff in the above-entitled matter. I have read the foregoing Amended Verified Complaint and know the content thereof, and the same is true of my own knowledge, except as to matters which are stated upon my own information and belief, which I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 8/4/2016 at Los Angeles, California.

by: *[signature: KP]*

Kyle Perez
All Rights Reserved