1  Bernard A. Leckie (Bar No. 30180)
   bleckie@mmhllp.com
2  MESERVE, MUMPER & HUGHES LLP
   3 Park Plaza, Suite 430
3  Irvine, California 92614-2579
   Telephone:  (949) 474-8995
4  Facsimile:  (949) 975-1065

5  Attorneys for Defendant
   ROBINSON & ASSOCIATES, A CALIFORNIA
6  CORPORATION

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 KYLE PEREZ,                    )  Case No. CV 16-4907 PA (Ex)
                                  )
12                                )  **NOTICE OF MOTION AND**
                                  )  **MOTION TO CONFIRM TERMS**
13                                )  **OF SETTLEMENT AND**
                Plaintiff,        )  **RELEASE AGREEMENT AND**
14                                )  **FOR DEDUCTION OF**
                                  )  **ATTORNEY'S FEES FROM**
15                                )  **SETTLEMENT AND FOR AN**
         vs.                      )  **ORDER IN RE EXECUTION OF**
16                                )  **RELEASE BY THE PLAINTIFF IN**
                                  )  **PRO SE AND FOR**
17                                )  **ALTERNATIVE EXECUTION IF**
   ROBINSON & ASSOCIATES,         )  **THE PLAINTIFF REFUSES TO**
18 MICHAEL G. ALEX,               )  **SIGN AND FOR DISMISSAL OF**
                                  )  **THE CASE WITH PREJUDICE**
19                                )  **AND IMPOSITION OF A**
                                  )  **RESTRAINING ORDER AND**
20              Defendants.       )  **SANCTIONS; DECLARATION OF**
                                  )  **BERNARD A. LECKIE; POINTS**
21                                )  **AND AUTHORITIES IN SUPPORT**
                                  )
22 _____  )  **DATE:  October 17, 2016**
                                  )  **TIME:   1:30 p.m.**
23                                   **CTRM:  15**
                                     **JUDGE:  Honorable PERCY**
24                                   **ANDERSON**

25       / / /

26       / / /

27       / / /

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

                              1

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1    TO THE PLAINTIFF, KYLE PEREZ, IN PRO SE:

2    NOTICE IS HEREBY GIVEN that on Monday, October 17, 2016, in

3    Courtroom 15 of the United States District Court located at 312 N. Spring Street, Los

4    Angeles, California, before the Honorable PERCY ANDERSON, Judge Presiding,

5    said Defendant, ROBINSON & ASSOCIATES, a California Corporation will move

6    the above-entitled Court as follows:

7    1.    To confirm, approve, and enforce the terms and provisions of the

8    settlement and Release agreement (attached to the LECKIE Declaration as Exhibit

9    "B") reflecting a full and complete settlement between Plaintiff, KYLE PEREZ aka

10    KYLE ANTHONY PEREZ and Defendant, ROBINSON & ASSOCIATES, a

11    California Corporation, for the sum of $6,000 plus other terms and provisions,

12    including a dismissal with prejudice of the pending action;

13    2.    That the Court determine the refusal of Plaintiff, KYLE PEREZ aka

14    KYLE ANTHONY PEREZ, to sign the Release without striking the name KYLE

15    PEREZ under which he filed the Complaint was unreasonable and a breach of the

16    settlement and agreed Release whereby Defendant, ROBINSON & ASSOCIATES, a

17    California Corporation, was required to incur additional attorney's fees and costs on

18    and after 7/1/16 in the sum of $18,225 which exceeds the amount of the settlement of

19    $6,000, leaving a zero balance payable to Plaintiff, KYLE PEREZ aka KYLE

20    ANTHONY PEREZ, and $12,225 to Defendant ROBINSON & ASSOCIATES;

21    3.    That the Plaintiff, KYLE PEREZ aka KYLE ANTHONY PEREZ, be

22    ordered to execute the updated Release and Stipulation for Dismissal with prejudice

23    of all Defendants with as to all causes of action attached to the LECKIE Declaration

24    as Exhibits "F" and "G", without striking either name by which he is known;

25    4.    That if the Plaintiff, KYLE PEREZ aka KYLE ANTHONY PEREZ,

26    refuses to sign the Release attached as Exhibit "F" and Stipulation to Dismiss with

27    prejudice attached as Exhibit "G", and other documents, that a person be designated

28    by the Court to execute said Release pursuant to F.R.Civ.P 70(a) and the Court

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

2

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1  dismiss the matter with prejudice and assess all costs against the Plaintiff, KYLE
2  PEREZ aka KYLE ANTHONY PEREZ;

3     5.     That the Court assess sanctions against the Plaintiff, KYLE PEREZ aka
4  KYLE ANTHONY PEREZ, in a manner and amount deemed appropriate by the
5  Court in a separate Order for his failure to act like an attorney (pursuant to L.R. 1-3)
6  and for the making and transmittal of threatening and inappropriate statements;

7     6.     That the Court make any other orders deemed to be appropriate and/or
8  necessary by this Honorable Court including the granting of protective restraining
9  orders whereby Plaintiff, KYLE PEREZ aka KYLE ANTHONY PEREZ be ordered
10  to have no further contact with any representative of MESERVE, MUMPER &
11  HUGHES LLP including personal contact, e-mails, phone calls or in any other
12  manner except as to finalize the affirmative Orders made herein.

13     Said Motion will be based upon the pleadings, records and files herein,
14  including the Declarations of BERNARD A. LECKIE dated 7/21/16 and 8/15/16
15  filed with the Honorable Court on or about the same dates, and the verified Answer
16  with reference to the first Affirmative Defense, the Declaration of BERNARD A.
17  LECKIE, and the Points and Authorities submitted herewith, together with any
18  further oral and documentary evidence.

19     The moving party herein alleges that pursuant to L.R. 7.3 an effort was made
20  to settle and resolve the matter without the necessity of filing this Motion. Following
21  the exchange of certain e-mails, the efforts to settle and resolve the matter were
22  unsuccessful as more fully set forth in the Declaration of BERNARD A. LECKIE
23  attached hereto.

24  DATED:  September 13, 2016.        MESERVE, MUMPER & HUGHES LLP

26              BY_____/s/ Bernard A. Leckie_____
27                    BERNARD A. LECKIE
                   Attorneys for Defendant, ROBINSON &
28                 ASSOCIATES, a California Corporation

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
151845.1

3

Case No. CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

## DECLARATION OF BERNARD A. LECKIE

I, BERNARD A. LECKIE, say:

That I am an attorney admitted to practice law in the State of California and as such I am presently "of counsel" to the law firm of MESERVE, MUMPER & HUGHES LLP after being a partner of said law firm for many years. That I am Cumis counsel for ROBINSON & ASSOCIATES, a California Corporation. I make this declaration of facts within my personal knowledge, and if I am called and sworn as a witness, I can and will testify competently thereto.

## EFFORTS AT RESOLUTION PURSUANT TO L.R. 7.3

That an effort was made to resolve the present matter by offering to go ahead with the settlement agreement on the same terms and conditions that was previously reached without any reduction for the unnecessary attorney's fees that have been incurred.

That e-mail contact was made on 8/22/16 by declarant with Plaintiff attached hereto as Exhibit "A-1". The Plaintiff replied on the same date in Exhibit "A-2" indicating the $6,000 was off the table, but that $7,500 was agreeable.

Plaintiff was contacted again by e-mail on 8/23/16 by declarant and advised that the breach was on his part and that the insurance company was sticking to the original agreement. In addition, Mr. Perez was advised that if a motion to confirm the settlement was necessary that reimbursement would be sought for attorney's fees incurred that would not have been necessary. Said e-mail is attached hereto as Exhibit "A-3".

The Plaintiff responded on the same date by e-mail of which a copy is attached as Exhibit "A-4" stating that if the sum of $7,500 was not paid that "we can litigate". That declarant sent an e-mail attached as Exhibit "A-5" to Plaintiff on 8/23/16

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

4

Case No. CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1   referring to the insistence of Plaintiff to delete his name from the Release and that the
2   insurance company would not accept it.

3          That later on the same day, Plaintiff sent an e-mail to declarant attached hereto
4   as Exhibit "A-6" which makes reference to the fact that Plaintiff was required to pay
5   another $400 to file a new Complaint after his initial U.S. District Court Complaint
6   was dismissed by the Court on its own motion.

7          That it became apparent to declarant that Plaintiff would not accept a proposed
8   resolution to settle and resolve the matter on the previously agreed terms and
9   apparently wanted to receive $7,500 by increasing the settlement amount by $1,500.

10         This Motion is made following the efforts by e-mail to resolve the matter
11  pursuant to L.R. 7-3 which took place by e-mails attached as Exhibits "A-1" to
12  "A-6" attached hereto and incorporated by reference.  The last date of the e-mails
13  was 8/23/16 and this Motion is filed more than seven days thereafter.

14

15  **NEGOTIATIONS FOR SETTLEMENT AND RELEASE**

16         That in early to mid-June of 2016, negotiations took place in an effort to settle
17  and resolve the present litigation.  Approximately two or three days before June 17,
18  2016, an oral agreement was reached to settle the entire matter as to all claims,
19  causes of action and parties, for the sum of $6,000 with a Release to be executed and
20  the pending lawsuit to be dismissed with prejudice.  On June 17, 2016, the Court on
21  its own motion, dismissed the Complaint filed in CV-16-02051 PA (Ex).  This
22  dismissal was without prejudice in <u>Kyle Perez v. Robinson & Associates, et al.</u>

23         That negotiations continued which culminated in the preparation of a Release
24  of All Claims, a copy of which is attached hereto as Exhibit "B".  There had been an
25  issue with the refusal of the Plaintiff to sign his name to the Release as he insisted on
26  using the initials "KP" as his signature.  It was finally agreed that he could use the
27  initials of "KP", but the Release required notarization.  In order to establish if he
28  used the name of "KP", he sent declarant a copy of his California Identification Card

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

5

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1  showing his name as KYLE ANTHONY PEREZ and which showed the initials
2  "KP" under his photograph.  A copy of said California Identification Card is attached
3  hereto as Exhibit "C".

4      That the e-mail communications between the Plaintiff and declarant between
5  6/23/16 and 7/13/16 are attached collectively as Exhibit "D".

6      That the Plaintiff did not complain about the terms of the Release but did
7  complain about the way his name appeared.  The Release contained both the name of
8  KYLE ANTHONY PEREZ and it asserted that he was also known as KYLE
9  PEREZ.  The Plaintiff clearly used both names and it seems prudent and necessary to
10 include both names in light of the different names used by the Plaintiff.  The Plaintiff
11 did get his signature notarized and returned the Release (Exhibit "B") which lined
12 out every reference to the name KYLE PEREZ.   This seemed strange since the
13 Complaint that had been dismissed by the Court was filed under the name of KYLE
14 PEREZ.   The notarization was under the name of KYLE PEREZ, but nevertheless
15 the Plaintiff struck the KYLE PEREZ name from the Release.  The obvious result is
16 that the insurance carrier refused to accept the Release and declarant did not have the
17 authority to release the check.  The actions of the Plaintiff seemed completely bizarre
18 and there appeared to be no rational reason why the Plaintiff or the notary would
19 strike a name from the Release that was clearly his name and was used to file the
20 Complaint and for which he was receiving a monetary payment to dismiss with
21 prejudice.

22

23 **E-MAIL COMMUNICATIONS**

24     In the e-mails attached hereto as Exhibit "D" it should be noted that extensive
25 efforts were undertaken to get the Plaintiff to sign the Release without his name
26 being stricken, but he refused to do so.  It is unknown whether the actions by the
27 Plaintiff were an effort to get more money, or what his motivation might have been.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

6

Case No. CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1   The Plaintiff had already settled the very same claims in the same lawsuit with the

2   credit reporting agency, TransUnion, for an undisclosed amount of money.

3        That the Plaintiff then embarked on a systematic program of threats and

4   intimidation by the multiple use of profanity.  Plaintiff has called declarant about

5   every derogatory name possible and has brought declarant's secretary of 37 years to

6   tears by what he said to her.

7        Declarant prays that this Honorable Court read the e-mails contained in

8   Exhibit "D" and impose any sanctions deemed appropriate.

9        The Plaintiff also failed to comply with a Court Order concerning the

10  requirement that he use either an office or residence address.  The Plaintiff continued

11  with the same general delivery in care of post office box.  If L.R. 1-3 has any effect,

12  it is prayed the Court discern what the status would be of an attorney making the

13  statements made by the pro-se Plaintiff.

14

15  **UNNECESSARY ATTORNEY'S FEES**

16       That the attorney's fees incurred after the Release should have been signed are

17  listed in Exhibit "E" attached hereto and exceed the sum of $6,000 at the billing rate

18  of declarant of $300 per hour.  Declarant asserts that all these fees were unnecessary

19  and would not have been incurred if the Plaintiff had acted reasonably in signing the

20  Release without striking out the name he used to file the Complaint.  Declarant prays

21  these attorney's fees be deducted from the agreed settlement sum of $6,000 and that

22  the net settlement amount be zero.

23       That a proposed updated Release which the Plaintiff is requested to sign is

24  attached as Exhibit "F" and a Stipulation to Dismiss with prejudice attached hereto as

25  Exhibit "G".

26       That declarant notes for the record that MICHAEL G. ALEX died August 25,

27  2016.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

7

Case No. CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1      That I declare under penalty of perjury under the laws of the State of

2  California that the foregoing is true and correct.

3      Executed this 13th day of September, 2016 at Irvine, California.

4

5                         /s/ BERNARD A. LECKIE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

8

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

On Aug 22, 2016, at 1:58 PM, Bernard Leckie <bleckie@mmhllp.com> wrote:

> To Kyle Perez:  The insurance company has instructed me to make
> a motion to confirm the settlement, The settlement would take
> execution of the release before a notary and signing a stipulation to
> dismiss with prejudice. We would need the originals without your
> name being stricken.  You have already signed the W-9 form.
> Upon receipt the $6,000. will be ordered and sent to you.  If we
> need to make the motion to the Court we will seek to confirm the
> settlement less attorney fees.  Please let me know if the settlement
> proposal is agreeable before Wednesday at noon.  This is a
> complete settlement of all issues against all parties involved. If you
> are in agreement we will email you the same release and
> stipulation to dismiss with prejudice.

>>> Kyle P <kyleperezestate@gmail.com> 8/22/2016 2:50 PM >>>
$6,000 is off the table. I already warned you of that before you breached the last agreement. That is absolutely not agreeable.

$7,500 is agreeable. Get back with me ASAP.

Sent from my iPhone

EXHIBIT "A-2"

10.

On Aug 23, 2016, at 10:39 AM, Bernard Leckie <bleckie@mmhllp.com> wrote:

The breach of the agreement was on your part. Our client and the insurance company are sticking to the original agreement. We are compelled to file a motion to confirm the settlement and seek reimbursement of attorney's fees that should not have been necessary.

Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP
3 Park Plaza, Suite 430
Irvine, California 92614-2579
(949) 474-8995
(949) 975-1065-fax

* * * * * * * * *

file:///C:/Users/bleckie/AppData/Local/Temp/XPgrpwise/57BC4E77MMH_DOMMMH_P...   8/23/2016

EXHIBIT "A-3"
11.

>>> Kyle P <kyleperezestate@gmail.com> 8/23/2016 11:20 AM >>>
Bernard,

Everything you asked for, I provided. You were supposed to send the check and refused.
Those are the facts.

So we can litigate this as far as I'm concerned. You've cost me way more money and time
by forcing me to file this lawsuit again on a technicality of the court dismissing the case as
we were wrapping up the settlement agreement.

Your client is in breach of duty, you are in breach of your duty, and I would love for a jury
of my peers to decide what that's worth. I don't care if it takes a year until I get to trial. An
actual controversy exists and I'm being injured as a proximate result.

If you refuse to pay the $7,500 we can litigate. In case you haven't noticed, this is not about
the money. You and your client are criminals and require permanent injunctions.

Let me know what you want to do because I'm going to let the judge know that you refuse
to cooperate and are threatening me with legalese.

Sent from my iPhone

On Aug 23, 2016, at 1:02 PM, Bernard Leckie <bleckie@mmhllp.com> wrote:

The court rules require contact with the other side to see if a motion can be avoided,  The Court dismissed the case on it own motion which did not affect the efforts to finalize the settlement.  You insisted in deleting your name from the release and the insurance company would not accept it. You were asked again to sign the release without striking your name and you did not do so.  I do not understand your logic nor do I understand why you find it necessary to show such hostility and hatred.

Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP
3 Park Plaza, Suite 430
Irvine, California 92614-2579
(949) 474-8995
(949) 975-1065-fax

\* \* \* \* \* \* \* \*

file:///C:/Users/bleckie/AppData/Local/Temp/XPgrpwise/57BC4E77MMH_DOMMMH_P...   8/23/2016

EXHIBIT "A-5"

13.

**Bernard Leckie - Re: Settlement**

| | |
|---|---|
| **From:** | Kyle P <kyleperezestate@gmail.com> |
| **To:** | Bernard Leckie <bleckie@mmhllp.com> |
| **Date:** | 8/23/2016 1:24 PM |
| **Subject:** | Re: Settlement |

It cost me another $400 to file this complaint plus fees and copies etc. because you guys prefer to play games instead of do business. I don't understand why, but nonetheless that has been not only your client's track record, but yours as well.

Explain to the magistrate how I signed a stipulation, notarized a statement, agreed to a settlement, and then you guys didn't fulfill your end by sending the check. Why? Because you attempted to put an alias on my name? Because you tried to force me to use two names? I don't understand your logic or the insurance company's logic, but maybe the magistrate judge will.

Let's just get to discovery, we can do the deposition, I'll subpoena what I need to and we can go to trial. Maybe you guys will win. Or maybe I'll win, and your client will lose everything or be forced into bankruptcy. I'm prepared to find out, if you refuse to negotiate and be reasonable. $7,500 is very reasonable considering the circumstances and what you've all put me through and the money I've spent seeking justice. You're supposed to be the professionals. I've seen 0 professionalism out of any of you since the beginning of this whole ordeal.

I'm willing to have an end to it if you are, otherwise we can take it to trial. We clearly don't see eye to eye and an actual controversy clearly exists.

Sent from my iPhone

EXHIBIT "A-6"

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the agreement for payment to me of the sum of $6,000, I, KYLE ANTHONY PEREZ ~~also known as KYLE PEREZ~~ (SSN-XXX-XX-7416), being of lawful age, does hereby release, acquit and forever discharge ROBINSON & ASSOCIATES, a California corporation, and all its respective owners, shareholders, assignors, officers, directors, employees, agents, affiliates, subsidiaries, successors, heirs, insurance companies, the adjusting firms, and attorneys (hereinafter together designated as "Releasees") of and from any and all actions, causes of action, claims, demands, damages, losses, costs, loss of services, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown losses or damages and/or regarding any acts, omissions, obligations, or conduct of Releasees, which has been or could have been alleged as against all Releasees and occurring at any time prior hereto, arising out of, related to, or in connection with the claims and causes of action in the verified complaint for permanent injunction, civil penalties, restitution and other equitable relief plus all claims for defamation, negligence, fraud, credit reporting violations, collection agency violations, violation of the Fair Credit Reporting Act (FCRA) 15 USC § 1681 et. seq. plus any and all claims of any kind or description in the U.S. District Court - Central District of California case entitled <u>Kyle Perez v. Robinson & Associates, et al.,</u> USDC case number CV16-02051PA(Ex), filed March 25, 2016, which has been dismissed without prejudice by an Order of the Honorable PERCY ANDERSON, Judge of the United States District Court on June 17, 2016 and the case was closed on said date. The Court will not take for filing the dismissal with prejudice that was to be filed, but as part of the case resolution made two days before the dismissal by the Court, said dismissal shall be deemed to have been made with prejudice and any and all further claims against ROBINSON & ASSOCIATES are forever barred, released, and resolved.

This release includes all disputes and claims whether asserted or unasserted arising out of any acts, failure to act, omissions, misrepresentations, facts, events, transactions, credit reporting, debt collection and all other acts and conduct of every kind, nature and description. This release extends to all claims whether in tort, contract or otherwise.

KYLE ANTHONY PEREZ ~~also known as KYLE PEREZ~~ hereby expressly waives the provisions of California Civil Code § 1542 as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR".

I hereby declare and represent that in making this release it is understood that I rely wholly upon my own judgment, belief, and knowledge of the nature, extent and duration of my losses and damages, I have not been influenced to any way in making this release by any

150319.2

representation or statements regarding said losses or damages, made by the persons, firms or corporations who are hereby released, or by any person or persons representing them.

I hereby declare and represent that the undersigned is entering into this release after having received advice as to my rights from all necessary sources and advisors.

I shall forthwith provide a dismissal with prejudice dismissing the U.S. District Court complaint and all other complaints I have filed against any of the parties being released to counsel for ROBINSON & ASSOCIATES.

I declare that the events described did not arise out of any employment and were not in the course of employment. I am acting for myself alone and no one else is acting with me.

I hereby represent and warrant to Releasees that no portion of any claim, right, demand, action or cause of action, or other matter released herein, nor any portion of any recovery or settlement to which Releasor is receiving from Releasees, has been assigned or transferred to any other person or entity. In the event that any valid cause of action or suit should be made or instituted against Releasees, or any of them, because of any such purported assignment, lien, subrogation lien, or transfer to any person or entity who claims to have such a claim, demand, cause of action or suit under the law of any jurisdiction, Releasor hereby agrees to indemnify and hold harmless Releasees against any such cause of action or suit including necessary expenses of investigation, attorneys' fees and costs.

It is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment shall not be construed as an admission of liability on the part of said Releasees. Liability is expressly denied by all parties being released.

I further state that I carefully read the foregoing Release and know the contents thereof, and I sign the same as my own free act.

EXECUTED ON June 23ʳᵈ, 2016, at Los Angeles, California.

by: KP

Kyle Anthony Perez ~~also known as Kyle Perez~~
P.O. Box 9653
Canoga Park, CA 91304-9998

150319.2

2

> A notary public or other officer completing this certificate verifies only the
> identity of the individual who signed the document to which this certificate is
> attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )

COUNTY OF LOS ANGELES )

On _JUNE 23, 2016_, 2016, before me, _KAMRAN KHOIE_,

notary public, personally appeared, KYLE PEREZ, who proved to me on the basis of satisfactory

evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and

acknowledged to me that he/she/they executed the same in his/her/their authorized capacity and

that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of

which the person(s) acted, executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that

the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
(Signature of Notary)

**KAMRAN KHOIE**
Commission # 2099779
Notary Public - California
Los Angeles County
My Comm. Expires Feb 10, 2019

# CALIFORNIA USA IDENTIFICATION CARD

ID

EXP

LN PEREZ

FN KYLE ANTHONY

SEX M        HAIR        EYES

HGT          WGT      lb      ISS

DD 02/02/201668026/BBFD/21

**From:** Kyle P <kyleperezestate@gmail.com>
**To:** Bernard Leckie <bleckie@mmhllp.com>
**Date:** 7/13/2016 10:16 AM
**Subject:** Re: Robinson Release

I am going to depose every single employee from Robinson. And I will subpoena anything else I need. I am going to start planning a date. The location will be my office. When are you going to answer my complaint? I'm going to move for default on day 22 if you miss a step. I need a response today.

On Fri, Jul 8, 2016 at 11:33 AM, Kyle P <kyleperezestate@gmail.com> wrote:
Unfortunately for you BAR member traitors, this isn't London or the Crown or communist Russia, this is the united States of America and we have unalienable, GOD given rights here. And if I decide to call you a piece of shit because that is how you act and appear, then that is what I will do. You can not sensor my freedom speech, Bernie. Furthermore, your status as an ESQ is below mine as progeny to We the People and you should have shown respect from the onset of this process. You didn't.

For the record: all YOU had to do was not be a fucking piece of shit lawyer and send me my check like you were supposed to do. But you didn't. You fucked up, Bernie. Big time. And your client is just as much a piece of shit as you. Shame on you for how you have made me treat you!

You'll receive a copy via certified mail.


> > > Kyle P <kyleperezestate@gmail.com> 7/7/2016 12:33 PM > > >
Your clients can run and hide, but you will not win this one, Bernie. I am doing EVERYTHING IN MY POWER to hold your clients accountable for their actions and the injuries and emotional distress they have caused me! This shit is FAR from over! The case is filed. Your complaint to the BAR is coming. I'll smoke you criminals out with everything I have. The marshalls are involved. We will find your client and have them served. Or I will request the court accept my newspaper ad I am publishing. Either way, you won't get away with this shit. I don't care about anything else. I will focus all my time and energy on this one issue until you mother fuckers yield.

"Eye for eye, tooth for tooth, hand for hand, foot for foot, Burning for burning, wound for wound, stripe for stripe." Exodus 21:24-25 KJV

On Tue, Jul 5, 2016 at 12:06 PM, Kyle P <kyleperezestate@gmail.com> wrote:
"Woe unto you, lawyers! for ye have taken away the key of knowledge: ye entered not in yourselves, and them that were entering in ye hindered."

I won't be accepting $6,000 next time. You have wasted my time and resources. We are going to litigate it to the very end next round.

On Tue, Jul 5, 2016 at 12:06 PM, Kyle P <kyleperezestate@gmail.com> wrote:
"Woe unto you, lawyers! for ye have taken away the key of knowledge: ye entered not in yourselves, and them that were entering in ye hindered."

I won't be accepting $6,000 next time. You have wasted my time and resources. We are going to litigate it to the very end next round.

Sent from my iPhone


>>> Kyle P <kyleperezestate@gmail.com> 7/7/2016 12:33 PM >>>
Your clients can run and hide, but you will not win this one, Bernie. I am doing EVERYTHING IN MY POWER to hold your clients accountable for their actions and the injuries and emotional distress they have caused me! This shit is FAR from over! The case is filed. Your complaint to the BAR is coming. I'll smoke you criminals out with everything I have. The marshalls are involved. We will find your client and have them served. Or I will request the court accept my newspaper ad I am publishing. Either way, you won't get away with this shit. I don't care about anything else. I will focus all my time and energy on this one issue until you mother fuckers yield.

"Eye for eye, tooth for tooth, hand for hand, foot for foot, Burning for burning, wound for wound, stripe for stripe." Exodus 21:24-25 KJV

On Fri, Jul 8, 2016 at 9:47 AM Bernard Leckie <bleckie@mmhllp.com> wrote:
Kyle: Since you have refiled you can send the summons and complaint to our office and we will accept service for Robinsons. All you had to do was ask. Your threats and profanity have no place in litigation. You have frightened and intimidated numerous people. My secretary is still upset. Please cease and desist what you are doing. You can litigate your claims without resorting to derogatory remarks and threats. All you had to do was to sign the release without striking out your name in the release and sign the stipulation to dismiss with prejudice and the matter would have been over. Clients make decisions not the attorneys.

Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP
3 Park Plaza, Suite 430
Irvine, California 92614-2579


| | |
|---|---|
| **From:** | Kyle P <kyleperezestate@gmail.com> |
| **To:** | Bernard Leckie <bleckie@mmhllp.com> |
| **Date:** | 7/8/2016 11:35 AM |
| **Subject:** | Re: Robinson Release |

Unfortunately for you BAR member traitors, this isn't London or the Crown or communist Russia, this is the united States of America and we have unalienable, GOD given rights here. And if I decide to call you a piece of shit because that is how you act and appear, then that is what I will do. You can not sensor my freedom speech, Bernie. Furthermore, your status as an ESQ is below mine as progeny to We the People and you should have shown respect from the onset of this process. You didn't.

For the record: all YOU had to do was not be a fucking piece of shit lawyer and send me my check like you were supposed to do. But you didn't. You fucked up, Bernie. Big time. And your client is just as much a piece of shit as you. Shame on you for how you have made me treat you!

You'll receive a copy via certified mail.                    20.

>>> Kyle P <kyleperezestate@gmail.com> 7/5/2016 9:17 AM >>>
I'm going downtown to file another lawsuit on you assholes today or tomorrow at the latest.
Fair warning.

Sent from my iPhone

On Jul 5, 2016, at 11:44 AM, Bernard Leckie <bleckie@mmhllp.com> wrote:

Your phone threats to my secretary brought her to tears and I have never seen her so
emotionally upset. It makes no sense that you refused to sign a release without your name
being deleted in the release. The offer of settlement is withdrawn and I am returning the
check to the insurance company. It is unfortunate that you seem to thrive upon
threats,degradation and the intimidation of others.

Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP

21.

>>> Kyle P <kyleperezestate@gmail.com> 6/30/2016 3:33 PM >>>
Bernard,

That's not a good reason at all. And it's a pathetic attempt at trying to prolong the inevitable. You're getting slow with your old age, Bernard. How many more times do I have to tell you, that if you take out that AKA like I told you to do 2 weeks ago, we wouldn't be having this issue. Are you blind or just ignoring the fact that I told you the NOTARY struck out the bullshit you tried to pull? Not me.

Since it appears you're incompetent and potentially senile, I will reiterate for the record:

Until I get confirmation that the check has been sent via a tracking number or I have the check in my hand, I will not do anything else above what I have already done for you. Real simple, Bernie.

Cut that check. Put it in the mail. Draft the new agreement and your new dismissal. Once I get the check, I'll send you back an ADDITIONAL agreement and release. But I won't pay for the notary a second time, you will. Or I'll be talking to you soon in regards to the new case. And I'll be going ten times as hard as this time around, I promise you.

Kyle

> On Jun 30, 2016, at 1:28 PM, Marla Trussell <mtrussell@mmhllp.com> wrote:
>
> From Bernard A. Leckie--
>
> Kyle--
>
> The Insurance company will accept your signature as "KP" rather than your formal signature. You need to sign the Release without striking out your name "Kyle Perez" from the face of the document and signature block. If you do that and get your signature notarized and return the original to us, we can release the check to you provided we also receive the original Stipulation of Voluntary Dismissal with prejudice executed by you. When these two items are received, we will immediately send you the check.
>
> Bernard

>>> Kyle P <kyleperezestate@gmail.com> 6/30/2016 1:52 PM >>>
It's not my fault a seasoned lawyer of 50-60 years keeps making incompetent mistakes. I raise doubts as to your competency as an attorney. Meanwhile, I've fulfilled every request you've asked of me and then some.

When can I expect that check?

Sent from my iPhone


On Jun 30, 2016, at 3:28 PM, Marla Trussell <mtrussell@mmhllp.com> wrote:


>>> Bernard Leckie 6/30/2016 3:16 PM >>>
Attorneys act through the authority of their clients and the clients in this case have good reason not to authorize the release of the check due to the fact you struck your name from the face of the release. I do not know why you did this but how can a party paying money authorize payment when you decided to strike your name from the release. The name you struck is the same name you used as the plaintiff. If you were in the position of the clients I do not believe you would accept such a release, All you need to do is sign the release before a notary without striking your name from the face of the document. We also need the signed Stipulation for dismissal with prejudice which just requires your signature. Since you say you have signed everything sent to you it is really a question as to why you will not sign the release without striking your name. We are trying to settle the case with you but if you do not desire to do so then your options are open.


Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP

23.

On Wed, Jun 29, 2016 at 3:54 PM, Marla Trussell <mtrussell@mmhllp.com> wrote:
Kyle--
We received your signed Stipulation. However, I made a mistake when I was typing out the form and inadvertently typed "without" prejudice rather than "with" prejudice. Therefore, I changed the Stipulation and am sending it to you again for your signature. I am sorry for any inconvenience.
Marla

On Wed, Jun 29, 2016 at 3:56 PM, Kyle P <kyleperezestate@gmail.com> wrote:
Either way, I have done EVERYTHING you've asked of me. Period. End of story.

When can I expect my check? There's nothing else to talk about if you're not telling me when I can expect that check.

On Wed, Jun 29, 2016 at 3:58 PM, Marla Trussell <mtrussell@mmhllp.com> wrote:
I am not tricking you. This was my error.

>>> Kyle P <kyleperezestate@gmail.com> 6/29/2016 3:54 PM >>>

See your tricks and games?! I'm so glad I've communicated via email so I have a record of all this!

When I have proof that the check has been sent I will do something for you guys.

>>> Kyle P <kyleperezestate@gmail.com> 6/29/2016 4:00 PM >>>
And then you can show cause to the judge why I shouldn't get interest and punitive damages and why sanctions shouldn't be imposed on you.

>>> Marla Trussell 6/29/2016 4:03 PM >>>

>>> Kyle P <kyleperezestate@gmail.com> 6/29/2016 3:59 PM >>>
I call you guys you don't answer, you play tricks on me and play games with me, you disrespect me and hold my check for ransom, you waste my valuable time. Over $6,000? Stop playing with me! I don't appreciate it! I'll refile this so quick so fast. But not before I file my complaint with the BAR.

When can I expect my check.

24.

>>> Bernard Leckie 6/29/2016 11:04 AM >>>

The insurance firm that is responsible for issuing the check has advised me that if the original release and original dismissal with prejudice are not in our possession by Friday at 5:00PM that the settlement is off due to your lack of cooperation. We have endeavored in every way to complete the settlement with you and all it takes is a notarized signature on the release and the execution of the dismissal with prejudice. Since Judge Anderson has dismissed your case on his own motion I am unsure if it will be accepted for filing but at least we will have it in our file. You have accused me of being a wierdo, not being honorable and have threatened to harm my legal reputation and seek sanctions. There are no lawyer tricks and I doubt if many people take advantage of you. This is a simple settlement of a case that was dismissed first in the LA Superior Court and now by Judge Anderson on his own motion. The agreement to pay $6,000. was in process when the case was dismissed by the Court. Some insurance companies might have withdrawn the offer but the company in this case still extended the offer. We want to resolve the case with you but your objections really do not make sense. All your communications with Robinsons were signed with your signature. The use by you of K.P. is something new. Why can't you just sign the release before a notary? The insurance company and Robinsons wants to make sure this case is over forever.

Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP
3 Park Plaza, Suite 430
Irvine, California 92614-2579

> On Wed, Jun 29, 2016 at 12:57 PM, Kyle P <kyleperezestate@gmail.com> wrote:
> Send tracking number and advise when the check is in the mail.

>> On Wed, Jun 29, 2016 at 12:55 PM, Kyle P <kyleperezestate@gmail.com> wrote:
>> See attached signed dismissal.

> I have fulfilled my promises and obligations. Send the check to:

> Kyle Perez
> 535 Box Canyon Road
> Canoga Park, California 91304

>>> Kyle P <kyleperezestate@gmail.com 6/29/2016 3:15 PM >>>
Explain it to the judges when I refile this. You are a dishonorable man and should be ashamed of yourself.

On Wed, Jun 29, 2016 at 3:09 PM, Marla Trussell <mtrussell@mmhllp.com> wrote:

It is difficult to understand the games you are playing. The release you signed "KP" deleted the name of Kyle Perez as you deleted the name two places on the first page and in the signature block. You filed the Complaint under the name of Kyle Perez. The jurat shows the Release was signed by Kyle Perez--The same person whose name is deleted from the body of the document appeared before the notary. This must be corrected and we are sending you a clean copy of the Release. You did not note on the dismissal that it was with prejudice so we are sending you a stipulation that complies with the court rule to dismiss with prejudice which we have also signed. We also need original copies of the documents you have signed.

Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP                    25.

On Tue, Jun 28, 2016 at 9:28 AM, Kyle P <kyleperezestate@gmail.com> wrote:
I sent you a California ID!!!

Tell me that the ID is invalid and the signature is invalid so I can file my complaint on you today. I'm tired of your game playing!

Sent from my iPhone

**From:**  Bernard Leckie
**To:**  Trussell, Marla
**Date:**  6/28/2016 4:15 PM
**Subject:**  Fwd: Re: Robinson Release
**CC:**  bleckie@mmhllp.com;  info@robinsonassociates.net;  tfagan@rsui.com

It is our desire to pay you a settlement payment of $6,000. but we need a signed and notarized release together with a dismissal with prejudice. It seems quite simple and i do not understand your objection.  You refuse to sign the release and continue to make threats and defamatory statements.  You also refuse to provide the original dismissal although the Court has also dismissed your case on its own motion two days after the settlement was discussed.  It is really simple to complete the settlement and get the check by sending the originals of those documents. You certainly have not done what has been asked and your claim otherwise is unfounded.

Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP

On Tue, Jun 28, 2016 at 4:16 PM, Kyle P <kyleperezestate@gmail.com> wrote:
And send me the dismissal again. That is a NON ISSUE.

On Tue, Jun 28, 2016 at 4:15 PM, Kyle P <kyleperezestate@gmail.com> wrote:
Did you not get the photo of the ID? Did you not see the signature? Is it different than my paperwork in this case?

Where are we at with the check?

>>> Kyle P <kyleperezestate@gmail.com, 6/28/2016 7:14 PM> >>>
You are playing tricks with me and are not being honorable. If we can not resolve this tomorrow, I will file my complaint against you with the BAR and prepare to file sanctions. I do not appreciate your lawyer tricks and your trying to take advantage of me because I am viewed as Pro Se.

I expect a resolution tomorrow.

Kyle.

>>> Kyle P <kyleperezestate@gmail.com> 6/27/2016 3:56 PM >>>
If I am FORCED to refile because of your unreasonableness and conclusions on what my autograph is, I will be filing a complaint against you with the state bar.

Fill out the dismissal. I will sign it and send it back once I receive the check. Advise when the check is being sent and I request you send it overnight.

Kyle

On Jun 28, 2016, at 9:14 AM, Marla Trussell <mtrussell@mmhllp.com> wrote:

>>> Bernard Leckie 6/27/2016 5:36 PM >>>
You can sign it just like the letter that you sent to Robinsons. The notary just acknowledges that you are who you say you are. Just sign it Kyle Perez or Kyle Anthony Perez and have the notary notarize your signature. The notary Jurat is the current one in use.

Bernard A. Leckie, Esq.

On Jun 28, 2016, at 9:15 AM, Marla Trussell <mtrussell@mmhllp.com> wrote:

>>> Bernard Leckie 6/27/2016 5:48 PM >>>
I believe my secretary already sent you a filled out dismissal with prejudice.  You filled one out for the dismissal you gave to Trans Union. We want the original dismissal with prejudice in our possession before the check is released. You are raising objections that make no sense to me and it seems you do not wish to settle.

Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP

>>> Kyle P <kyleperezestate@gmail.com> 6/28/2016 9:27 AM >>>
Show me the one I filled out for Transunion.

Show me my autographs on all the paperwork for this case and then point to where it's inconsistent.

Why don't you want to be done with this case, Bernard? Why do you wish to cause me emotional distress over this issue? I just want my check so I can be done with this nightmare you are continuing.  Why are you holding my check for ransom after I did what you asked?!?!!

27.

>>> Kyle P <kyleperezestate@gmail.com> 6/27/2016 9:40 AM >>>
Advise on the status of the check. Thanks

Sent from my iPhone

On Jun 27, 2016, at 3:22 PM, Marla Trussell <mtrussell@mmhllp.com> wrote:

>>> Bernard Leckie 6/27/2016 3:18 PM >>>
Insurance companies and clients have requirements that a settlement will in fact settle and resolve a conflict forever. I have been an attorney for over 50 years and have been involved in many releases and I cannot recall ever having a problem.There is nothing unreasonable. Sign the release and have it notarized using a normal signature such as the signature on the letter you sent to Robinsons. We also need an original dismissal with prejudice bearing your original signature. Since the Judge dismissed your case without prejudice and closed the case the Court may not take it for filing but we will make an effort to file the dismissal with prejudice. We desire to close the file but there are requirements that must be met. All we have received to date is a release with scratch outs of your signature as Kyle Perez on the notarization.
Perhaps we could let Judge Anderson decide if he would reopen the matter for that purpose. We want to send you the check but protections are needed. Our clients would be very unhappy if we did not obtain an enforceable release and dismissal with prejudice.
If you do not wish to settle you can refile your case and the settlement disappears.
Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP
3 Park Plaza, Suite 430
Irvine, California 92614-2579           te@gmail.com 6/27/2016 3:53 PM >>
           Bernard,

           You make no sense.

           Define a "normal signature".

           You are attempting to get me to sign something I've already signed. The notary crossed out what you had. He didn't feel comfortable since he knows me and knows I don't sign any other way and has never notarized ANYTHING for me with the language you used.

           So how do you wish to proceed?

           Maybe you should sign it for me, Bernard. Since you know my autograph better than I do apparently.

           You are causing me mental anguish and emotional distress over this, for the record.

           Kyle

| | |
|---|---|
| **From:** | Bernard Leckie |
| **To:** | Trussell, Marla;  tfagan@rsui.com |
| **Date:** | 6/24/2016 2:00 PM |
| **Subject:** | Fwd: Re: Release of All Claims |

We will not release the check until we have a release signed by you without any changes.  You are known as Kyle Anthony Perez and the US Docket so indicates.  I do not know what games you are playing but you raise suspicions by striking your name. If you don't want the name on the release then we have no settlement.  We need the original release properly notarized and the dismissal with prejudice(also an original) before we can release the check.

Bernard A. Leckie, Esq.
Meserve, Mumper & Hughes LLP
3 Park Plaza, Suite 430

> On Jun 24, 2016, at 4:08 PM, Marla Trussell <mtrussell@mmhllp.com> wrote:
>
> From Bernard A. Leckie
>
> Kyle--
>
> It is a simple matter to get this resolved and threats and calling people names doesn't help. We need the following which seems quite reasonable:
>
> 1. An original notarized Release using both names involved in the litigation. Your signature needs to be notarized and signed by you with an ordinary signature such as in the letter you wrote to Robinson & Associates dated 8/26/13, a copy of which is attached.
>
> 2. An original Request for Dismissal with prejudice signed by you. Since the Court dismissed your case, we probably cannot file the Dismissal, but we need the original Dismissal signed by you for our file.
>
> There is nothing unreasonable about any of the foregoing. If you desire to withdraw from the settlement, please let us know.
>
> Bernard

**From:**    Kyle P <kyleperezestate@gmail.com>
**To:**       Marla Trussell <mtrussell@mmhllp.com>
**Date:**   6/23/2016 2:53 PM
**Subject:** Re: Release of All Claims

Remove that "also known as". I'm just Kyle... My family name is Perez. I'm not "also known as" anyone but me.

Can you correct that? And I'll have it notarized and sent today.

> > > Kyle P <kyleperezestate@gmail.com> 6/24/2016 12:15 PM > > >
Marla,

Confirm you guys received the fax. Thanks

Kyle

Sent from my iPhone

On Jun 23, 2016, at 3:42 PM, Marla Trussell <mtrussell@mmhllp.com> wrote:

Mr. Leckie says he wants to use both names in the Release because both names have been used at different times.

Marla

> > > Kyle P <kyleperezestate@gmail.com> 6/23/2016 2:50 PM > > >
Remove that "also known as". I'm just Kyle... My family name is Perez. I'm not "also known as" anyone but me.

Can you correct that? And I'll have it notarized and sent today.

Sent from my iPhone

On Jun 23, 2016, at 2:30 PM, Marla Trussell <mtrussell@mmhllp.com> wrote:

Kyle--

Attached is the Release of All Claims with the notarial statement attached for use in having your name notarized.

Marla

30.

# Meserve, Mumper & Hughes LLP

## Billed Fees Listing

### Robinson & Associates
#### v. Perez

| Date | Prof | Description | Units | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 7/1/2016 | BAL | E-mail to Robinson. | 0.25 | 300.00 | 75.00 |
| 7/1/2016 | BAL | E-mail from Perez. | 0.20 | 300.00 | 60.00 |
| 7/1/2016 | BAL | E-mail to Perez. | 0.40 | 300.00 | 120.00 |
| 7/5/2016 | BAL | E-mail to T. Fagan and e-mail from T. Fagan. | 0.40 | 300.00 | 120.00 |
| 7/5/2016 | BAL | E-mail to Perez. | 0.45 | 300.00 | 135.00 |
| 7/5/2016 | BAL | E-mail from Perez. | 0.25 | 300.00 | 75.00 |
| 7/5/2016 | BAL | É-mail to T. Fagan. | 0.25 | 300.00 | 75.00 |
| 7/5/2016 | BAL | E-mail from T. Fagan. | 0.15 | 300.00 | 45.00 |
| 7/5/2016 | BAL | E-mail from Georganne re service. | 0.20 | 300.00 | 60.00 |
| 7/6/2016 | BAL | E-mail from Georganne. | 0.15 | 300.00 | 45.00 |
| 7/7/2016 | BAL | E-mail from Perez containing major threats--forward to RSUI and Robinson. | 0.35 | 300.00 | 105.00 |
| 7/7/2016 | BAL | Telephone call from Georganne. | 0.30 | 300.00 | 90.00 |
| 7/7/2016 | BAL | Letter to RSUI returning check and sending e-mails. | 0.40 | 300.00 | 120.00 |

| 9/2/2016 12:59:17 PM | | | Page Total | 3.75 | | Page: 1 |
|---|---|---|---|---|---|---|
| | | | | | | $1,125.00 |

EXHIBIT "E"

31.

# Meserve, Mumper & Hughes LLP

## Billed Fees Listing

### Robinson & Associates
#### *v. Perez*

| Date | Prof | Description | Units | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 7/8/2016 | BAL | Telephone call from Frank. | 0.25 | 300.00 | 75.00 |
| 7/8/2016 | BAL | E-mail to Perez. | 0.45 | 300.00 | 135.00 |
| 7/12/2016 | BAL | Receipt and review of new Complaint of Perez which adds Alex, etc. | 1.00 | 300.00 | 300.00 |
| 7/12/2016 | BAL | Receipt of Order of Court to provide correct address of Plaintiff within 10 days by filing amended Complaint. | 0.40 | 300.00 | 120.00 |
| 7/15/2016 | BAL | E-mail from T. Fagan. | 0.15 | 300.00 | 45.00 |
| 7/15/2016 | BAL | E-mail to T. Fagan. | 0.35 | 300.00 | 105.00 |
| 7/15/2016 | BAL | E-mail from T. Fagan. | 0.15 | 300.00 | 45.00 |
| 7/15/2016 | BAL | E-mail to T. Fagan. | 0.25 | 300.00 | 75.00 |
| 7/15/2016 | BAL | E-mail from T. Fagan. | 0.15 | 300.00 | 45.00 |
| 7/15/2016 | BAL | E-mail to T. Fagan. | 0.30 | 300.00 | 90.00 |
| 7/16/2016 | BAL | E-mail from Mr. Perez. | 0.15 | 300.00 | 45.00 |
| 7/16/2016 | BAL | Organize Perez e-mails in date order and reply e-mails to assist in continuing e-mail communications. | 1.00 | 300.00 | 300.00 |
| 7/19/2016 | BAL | E-mail from Mr. Perez. | 0.15 | 300.00 | 45.00 |
| 7/19/2016 | BAL | E-mail to T. Fagan re status. | 0.30 | 300.00 | 90.00 |
| 7/19/2016 | BAL | E-mail from T. Fagan re status. | 0.10 | 300.00 | 30.00 |
| 7/19/2016 | BAL | Obtain Declaration filed by Perez and copies to RSUI and Robinson. | 0.80 | 300.00 | 240.00 |
| 7/21/2016 | BAL | Preparation of Declaration for filing with U.S. District Court--two drafts plus final--organizing e-mails--review of Perez document filing. | 4.00 | 300.00 | 1,200.00 |
| 7/22/2016 | BAL | Receipt of Order from Judge Anderson which is reviewed and copies to RSUI and Robinson. | 0.40 | 300.00 | 120.00 |
| 7/25/2016 | BAL | E-mail from T. Fagan. | 0.10 | 300.00 | 30.00 |
| 7/25/2016 | BAL | E-mail to T. Fagan. | 0.20 | 300.00 | 60.00 |
| 7/25/2016 | BAL | Telephone call from Mike Alex re status of proceedings v. Robinson. | 0.25 | 300.00 | 75.00 |
| 8/2/2016 | BAL | Telephone call from Marc Kirtland re Transunion. | 0.45 | 300.00 | 135.00 |
| 8/8/2016 | BAL | Receipt and review First Amended Complaint and Declaration from Perez. | 2.00 | 300.00 | 600.00 |
| 8/8/2016 | BAL | Preparation of new Subpena Duces Tecum directed to Transunion. | 1.00 | 300.00 | 300.00 |
| 8/8/2016 | BAL | Preparation of Notice of Deposition of Transunion. | 0.75 | 300.00 | 225.00 |

$4,530.00

# Meserve, Mumper & Hughes LLP

## Billed Fees Listing

### Robinson & Associates
#### v. Perez

| Date | Prof | Description | Units | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 8/9/2016 | BAL | Receipt of Amended Complaint and detailed review of said Amended Complaint and Declaration of Perez. | 2.00 | 300.00 | 600.00 |
| 8/9/2016 | BAL | E-mail from T. Fagan. | 0.15 | 300.00 | 45.00 |
| 8/9/2016 | BAL | E-mail to T. Fagan. | 0.25 | 300.00 | 75.00 |
| 8/9/2016 | BAL | Letter to Robinson and RSUI. | 0.45 | 300.00 | 135.00 |
| 8/11/2016 | BAL | E-mail from T. Fagan re Amended Complaint from Perez. | 0.20 | 300.00 | 60.00 |
| 8/11/2016 | BAL | E-mail response to T. Fagan. | 0.25 | 300.00 | 75.00 |
| 8/11/2016 | BAL | E-mail fro T. Fagan. | 0.10 | 300.00 | 30.00 |
| 8/12/2016 | BAL | Preparation of Declaration of Bernard A. Leckie in response to filing by Mr. Perez re address not changed from P.O. Box with no office or residence address and recitation of threats and intimidation by Mr. Perez. | 3.00 | 300.00 | 900.00 |
| 8/12/2016 | BAL | Begin work on Preparation of Answer to Amended Complaint with new allegations from original. | 2.00 | 300.00 | 600.00 |
| 8/15/2016 | BAL | Complete Answer to Verified Amended Complaint. | 2.00 | 300.00 | 600.00 |
| 8/15/2016 | BAL | Preparation of Rule 26 Disclosure Statement with attachments. | 2.50 | 300.00 | 750.00 |
| 8/15/2016 | BAL | E-mail to Georganne, et al. with copy of proposed Answer. | 0.35 | 300.00 | 105.00 |
| 8/15/2016 | BAL | E-mail from Georganne. | 0.20 | 300.00 | 60.00 |
| 8/15/2016 | BAL | E-mail to Georganne re business practices. | 0.35 | 300.00 | 105.00 |
| 8/15/2016 | BAL | E-mail from Georganne with exhibits which are examined. | 0.30 | 300.00 | 90.00 |
| 8/15/2016 | BAL | Changes made to first draft of Answer. | 0.85 | 300.00 | 255.00 |
| 8/15/2016 | BAL | Completion of Declaration of Bernard A. Leckie and filing with Court re non-compliance by Perez with Court Orders and threats made by Perez. | 1.15 | 300.00 | 345.00 |
| 8/16/2016 | BAL | Preparation and review of Special Interrogatories (limited to 25). | 2.00 | 300.00 | 600.00 |
| 8/16/2016 | BAL | Preparation of Requests to Produce prepared--detailed. | 2.00 | 300.00 | 600.00 |
| 8/16/2016 | BAL | Preparation of Requests for Admissions. | 1.85 | 300.00 | 555.00 |
| 8/16/2016 | BAL | Telephone call from Mike. | 0.15 | 300.00 | 45.00 |
| 8/16/2016 | BAL | Receipt and review of Answers to questions posed to Georganne. | 0.75 | 300.00 | 225.00 |
| 8/17/2016 | BAL | E-mail fro Robinson. | 0.20 | 300.00 | 60.00 |
| 8/17/2016 | BAL | E-mail from Robinson. | 0.35 | 300.00 | 105.00 |
| 8/17/2016 | BAL | E-mail from Robinson. | 0.20 | 300.00 | 60.00 |
| 8/18/2016 | BAL | E-mail from T. Fagan 11:50 a.m. | 0.15 | 300.00 | 45.00 |

9/2/2016 12:59:18 PM

Page Total    23.75

Page: 3

$7,125.00

# Meserve, Mumper & Hughes LLP

## Billed Fees Listing

### Robinson & Associates
### *v. Perez*

| Date | Prof | Description | Units | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 8/18/2016 | BAL | E-mail from T. Fagan 2:45 p.m. | 0.15 | 300.00 | 45.00 |
| 8/18/2016 | BAL | E-mail from T. Fagan  2:53 p.m. | 0.15 | 300.00 | 45.00 |
| 8/18/2016 | BAL | E-mail fro T. Fagan 3:18 p.m. | 0.15 | 300.00 | 45.00 |
| 8/18/2016 | BAL | E-mail from T. Fagan  3:46 p.m. | 0.15 | 300.00 | 45.00 |
| 8/18/2016 | BAL | Receipt of e-mail re Scheduling Conference from U.s. District Court and forward to Robinson and T.Fagan. | 0.40 | 300.00 | 120.00 |
| 8/18/2016 | BAL | E-mail to T. Fagan :2:12 p.m. | 0.25 | 300.00 | 75.00 |
| 8/18/2016 | BAL | E-mail to T. Fagan 3:09 p.m. | 0.25 | 300.00 | 75.00 |
| 8/18/2016 | BAL | E-mail to T. Fagan  3:13 p.m. | 0.25 | 300.00 | 75.00 |
| 8/19/2016 | BAL | E-mail to Marc Kirkland re production of records and necessity. | 0.55 | 300.00 | 165.00 |
| 8/19/2016 | BAL | E-mail from Mark Kirkland, attorney for TransUnion. | 0.30 | 300.00 | 90.00 |
| 8/22/2016 | BAL | E-mail to Perez. | 0.50 | 300.00 | 150.00 |
| 8/22/2016 | BAL | E-mail from Perez requesting $7,500. | 0.20 | 300.00 | 60.00 |
| 8/22/2016 | BAL | E-mail to RSUI re response from Mr. Perez. | 0.30 | 300.00 | 90.00 |
| 8/22/2016 | BAL | E-mail from RSUI. | 0.20 | 300.00 | 60.00 |
| 8/22/2016 | BAL | E-mail to RSUI as requested by Ms. Fagan. | 0.35 | 300.00 | 105.00 |
| 8/23/2016 | BAL | E-mail to Kyle Perez rejecting offer to complete settlement agreement and receipt of his offer of $7,500 to settle. | 0.40 | 300.00 | 120.00 |
| 8/23/2016 | BAL | E-mail from T. Fagan giving her feeling re response of Perez. | 0.15 | 300.00 | 45.00 |
| 8/23/2016 | BAL | E-mail from Kyle Perez expressing anger with threats. | 0.25 | 300.00 | 75.00 |
| 8/23/2016 | BAL | E-mail to Kyle Perez telling him that he breached agreement and that it was required to notify him before filing Motion. | 0.45 | 300.00 | 135.00 |
| 8/23/2016 | BAL | E-mail from Kyle Perez giving his viewpoint claiming client and counsel are criminals. | 0.20 | 300.00 | 60.00 |
| 8/23/2016 | BAL | E-mail to Kyle Perez giving explanation and questions why so much anger and hatred--made clear  attorney's fees would be claimed as a reduction if motion filed. | 0.40 | 300.00 | 120.00 |
| 8/23/2016 | BAL | E-mail from Kyle Perez claiming reasons why he asserts he complied - claims putting in more than one name was wrong-claims check should have been sent. | 0.25 | 300.00 | 75.00 |
| 8/24/2016 | BAL | Research re making a motion to confirm the settlement and release previously made and authorized since Perez declines to resolve matter. | 2.00 | 300.00 | 600.00 |
| 8/24/2016 | BAL | Begin the preparation of a motion to confirm settlement and release authorized to be filed by T. Fagan, review of e-mails, etc. | 2.00 | 300.00 | 600.00 |

# Meserve, Mumper & Hughes LLP

## Billed Fees Listing

### Robinson & Associates
### *v. Perez*

| Date | Prof | Description | Units | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 8/25/2016 | BAL | Review Subpena Duces Tecum for records and e-mail response from Marc Kirkland | 0.50 | 300.00 | 150.00 |
| 8/25/2016 | BAL | Detailed e-mail to Marc Kirkland re his compliance with Subpena Duces Tecum | 0.60 | 300.00 | 180.00 |
| 8/25/2016 | BAL | Review and revise partially prepared Motion to Compel Settlement and require deduction for attorney's fees and impose sanctions by adjusting provisions and completing Declaration of Bernard A. Leckie with extensive exhibits to be used with Motion. | 3.50 | 300.00 | 1,050.00 |
| 8/26/2016 | BAL | Receipt and review of objections by attorney for TransUnion | 1.10 | 300.00 | 330.00 |
| 8/26/2016 | BAL | Detailed letter to attorney Marc Kirkland | 1.00 | 300.00 | 300.00 |
| 8/30/2016 | BAL | Receipt and review of e-mail from Perez renewing offer of $7,500 and making reference to desire of Mr. Alex (now deceased) to go to Trial. Forward to Robinson and RSUI. | 0.30 | 300.00 | 90.00 |
| 8/30/2016 | BAL | E-mail from T. Fagan saying to offer $6,000—has already been offered and that Mr. Perez was advised if he did not accept, a motion would be made to deduct attorney's fees from settlement. | 0.35 | 300.00 | 105.00 |
| 8/30/2016 | BAL | E-mail from T. Fagan stating proposal to make Motion is what we should do following previous e-mail. | 0.30 | 300.00 | 90.00 |
| 8/30/2016 | BAL | E-mail from T. Fagan saying to offer $6,000 as in the original deal—refers to attorney's fees incurred. | 0.25 | 300.00 | 75.00 |

|        | Hours | Amount |
|--------|-------|--------|
| Page 1 | 3.75  | $ 1,125.00 |
| Page 2 | 15.10 | $ 4,530.00 |
| Page 3 | 23.75 | $ 7,125.00 |
| Page 4 | 10.25 | $ 3,075.00 |
| Page 5 | 7.90  | $ 2,370.00 |
|        | 60.75 | $18,225.00 |

35.

## <u>RELEASE OF ALL CLAIMS</u>

FOR AND IN CONSIDERATION of the agreement for payment to me of the sum of $6,000, I, KYLE ANTHONY PEREZ also known as KYLE PEREZ (SSN-XXX-XX-7416) (herein "Releasor"), being of lawful age, does hereby release, acquit and forever discharge ROBINSON & ASSOCIATES, a California corporation, and all its respective owners, shareholders, assignors, officers, directors, employees, agents, affiliates, subsidiaries, successors, heirs, insurance companies, adjusting firms, and attorneys, and MICHAEL G. ALEX, (hereinafter together designated as "Releasees") of and from any and all actions, causes of action, claims, demands, damages, losses, costs, loss of services, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown losses or damages and/or regarding any acts, omissions, obligations, or conduct of Releasees, which has been or could have been alleged as against all Releasees and occurring at any time prior hereto, arising out of, related to, or in connection with the claims and causes of action in the verified complaint for permanent injunction, civil penalties, restitution and other equitable relief plus all claims for defamation, negligence, fraud, credit reporting violations, collection agency violations, violation of the Fair Credit Reporting Act (FCRA) 15 USC § 1681 et. seq., and the Fair Debt Collection Practices Act (FDCPA) in 15 U.S.C. § 809(b), plus any and all claims of any kind or description in the U.S. District Court - Central District of California case entitled <u>Kyle Perez v. Robinson & Associates, et al.,</u> USDC case number CV16-02051 PA (Ex), filed March 25, 2016, which has been dismissed without prejudice by an Order of the Honorable PERCY ANDERSON, Judge of the United States District Court on June 17, 2016 and the pending case refiled by KYLE PEREZ aka KYLE ANTHONY PEREZ who originally filed under the name of "KYLE" in the U.S. District Court-Central District of California in the case now entitled <u>Kyle Perez v. Robinson & Associates and Michael G. Alex</u> as USDC case number CV16-04907 PA (Ex) on July 5, 2016 also assigned to the Honorable PERCY ANDERSON.

This release includes all disputes and claims whether asserted or unasserted arising out of any acts, failure to act, omissions, misrepresentations, facts, events, transactions, credit reporting, debt collection and all other acts and conduct of every kind, nature and description. This release extends to all claims whether in tort, contract or otherwise.

KYLE ANTHONY PEREZ also known as KYLE PEREZ hereby expressly waives the provisions of California Civil Code § 1542 as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR".

I hereby declare and represent that in making this release it is understood that I rely wholly upon my own judgment, belief, and knowledge of the nature, extent and duration of my losses and damages, I have not been influenced to any way in making this release by any

representation or statements regarding said losses or damages, made by the persons, firms or corporations who are hereby released, or by any person or persons representing them.

I hereby declare and represent that the undersigned is entering into this release after having received advice as to my rights from all necessary sources and advisors.

I shall forthwith provide a dismissal with prejudice dismissing the U.S. District Court complaint and all other complaints I have filed against any of the parties being released to counsel for ROBINSON & ASSOCIATES.

I declare that the events described did not arise out of any employment and were not in the course of employment. I am acting for myself alone and no one else is acting with me.

I hereby represent and warrant to Releasees that no portion of any claim, right, demand, action or cause of action, or other matter released herein, nor any portion of any recovery or settlement to which Releasor is receiving from Releasees, has been assigned or transferred to any other person or entity. In the event that any valid cause of action or suit should be made or instituted against Releasees, or any of them, because of any such purported assignment, lien, subrogation lien, or transfer to any person or entity who claims to have such a claim, demand, cause of action or suit under the law of any jurisdiction, Releasor hereby agrees to indemnify and hold harmless Releasees against any such cause of action or suit including necessary expenses of investigation, attorneys' fees and costs.

It is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment shall not be construed as an admission of liability on the part of said Releasees. Liability is expressly denied by all parties being released.

I further state that I carefully read the foregoing Release and know the contents thereof, and I sign the same as my own free act.


      EXECUTED ON _____, 2016, at Los Angeles, California.




_____
Kyle Anthony Perez also known as Kyle Perez
P.O. Box 9653
Canoga Park, CA 91304-9998

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

On _____, 2016, before me, _____,

notary public, personally appeared, KYLE ANTHONY PEREZ also known as KYLE PEREZ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are

subscribed to the within instrument and acknowledged to me that he/she/they executed the same

in his/her/their authorized capacity and that by his/her/their signature(s) on the instrument the

person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that

the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
(Signature of Notary)

151880.3

1 | Bernard A. Leckie (Bar No. 30180)
bleckie@mmhllp.com
2 | MESERVE, MUMPER & HUGHES LLP
3 Park Plaza, Suite 430
3 | Irvine, California 92614-2579
Telephone:  (949) 474-8995
4 | Facsimile:  (949) 975-1065

5 | Attorneys for Defendant
ROBINSON & ASSOCIATES, A CALIFORNIA
6 | CORPORATION

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | KYLE PEREZ,                                    )  Case No. CV 16-4907 PA (Ex)
                                                         )
12 |            Plaintiff,                         )  **STIPULATION OF VOLUNTARY**
                                                         )  **DISMISSAL PURSUANT TO**
13 |     vs.                                       )  **F.R.C.P. 41(a)(1)(A)(ii)**
                                                         )
14 | ROBINSON & ASSOCIATES,                        )
MICHAEL G. ALEX,                                 )
15 |                                              )
            Defendant.                            )
16 | _____)

17 |        IT IS HEREBY STIPULATED AND AGREED by and between the parties

18 | and/or their respective counsel that the above-captioned action is voluntarily

19 | dismissed, with prejudice, against the Defendant, ROBINSON & ASSOCIATES, a

20 | California Corporation, pursuant to the Federal Rules of Civil Procedure

21 | 41(a)(1)(A)(ii).

22

23 | DATED:  _____

24 |                                                 KYLE PEREZ Pro Se
                                                       General Delivery
25 |                                                 In Care of: P.O. Box 9653
                                                       Canoga Park, CA 91304-9998
26 |                                                 KylePerezEstate@gmail.com
27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

EXHIBIT "G"

X  39.

1   DATED: _____, 2016   MESERVE, MUMPER & HUGHES LLP

2

3

4                                           BY_____

                                                 BERNARD A. LECKIE, Attorneys

5                                        for Defendant, ROBINSON & ASSOCIATES

6                                       3 Park Plaza, Suite 430

                                      Irvine, CA 92614-2579

7                                       bleckie@mmhllp.com

8                                       (949) 474-8995

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

XX

Case No.  CV 16-4907 PA (Ex)
STIPULATION OF VOLUNTARY DISMISSAL,
ETC.

## POINTS AND AUTHORITIES

COMES NOW, Defendant, ROBINSON & ASSOCIATES, a California Corporation, and files its Points and Authorities and alleges as follows:

## 1.   BACKGROUND

In approximately 2010, the Plaintiff and his roommate were evicted from an apartment. There was a Judgment for possession only. Unpaid rent was due. The landlord sent the claim to ROBINSON & ASSOCIATES, a California Corporation to collect the amount owing. The matter was referred to a credit reporting agency, TransUnion. Essentially it is claimed that the debt was not removed by TransUnion.

The Plaintiff first filed a lawsuit in the Los Angeles County Superior Court which was dismissed or deemed unfiled. He then filed an action in the United States District Court naming ROBINSON & ASSOCIATES, a California Corporation and TransUnion as Defendants. A settlement was reached by the Plaintiff and TransUnion for an unknown sum leaving ROBINSON & ASSOCIATES, a California Corporation as the remaining Defendant. ROBINSON & ASSOCIATES, a California Corporation answered the initial U.S. District Court Complaint and served discovery. The Plaintiff never answered any discovery which included Interrogatories, Requests for Admissions, and a Request to Produce Documents. At the time of the settlement, the responses to the Interrogatories were overdue and had not been answered. ROBINSON & ASSOCIATES, a California Corporation had filed extensive answers to Requests for Admissions served by the Plaintiff.

On 6/17/16, this Honorable Court dismissed the Plaintiff's Complaint without prejudice due to a violation of L.R. 41-6. A few days prior to the dismissal, a settlement was reached after extensive negotiations for the sum of $6,000. The dismissal did not interfere with the settlement negotiations. The Plaintiff insisted on signing his name "KP" and not his full name as he had done on prior documents. His

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

41.

Case No. CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1   signature needed to be notarized.  The Release was made out with the releasing party
2   being KYLE PEREZ aka KYLE ANTHONY PEREZ.  The Release was notarized,
3   but the Plaintiff struck out his name as KYLE PEREZ at each location where it was
4   inserted in the Release (the Plaintiff claims the notary did the striking).  In the jurat
5   of the notary, the name appearing is KYLE PEREZ being the same person as his
6   name that was stricken from the Release.  The Complaint in that case was filed under
7   the name of KYLE PEREZ.  Extensive efforts were taken to get him to sign the
8   Release containing both names without being stricken.  The Plaintiff would not do so
9   and embarked on a course of contact of profanity, threats, intimidation, and hostility,
10  coupled with vicious personal attacks related to counsel for ROBINSON &
11  ASSOCIATES, a California Corporation.  Despite the firm belief that the case
12  involves no liability, the insurance carrier mindful of attorney's fees and defense
13  costs, authorized the $6,000 settlement.  The reasoning and logic of the Plaintiff is
14  very difficult to understand.

15

16  ## 2.      PROCEEDINGS AFTER SETTLEMENT

17          The Plaintiff filed a new Complaint using the single name "KYLE" as the
18  name of the Plaintiff.  Pursuant to a Minute Order of 7/22/16, this Honorable Court
19  ordered the Plaintiff to file an Amended Complaint by 8/5/16.

20          In an Order dated 7/7/16, this Honorable Court issued an Order to Show Cause
21  to the Plaintiff as to why the action should not be dismissed for failure to comply
22  with F.R.Civ.P. 10 and L.R. 11-3.8.  The Order indicated that the Order to Show
23  Cause shall be discharged upon Plaintiff's filing of an Amended Complaint listing
24  Plaintiff's full name and either an office or residential address.  It was provided by
25  the Court that failure to respond to the Order may result in dismissal of the action
26  without further notice.  In the further Amended Complaint filed by the Plaintiff, the
27  Plaintiff did use the name of "KYLE PEREZ".

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP
151845.1

42.

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1    However, there was no change concerning either an office or residential

2  address.  The same P.O. Box with a general delivery address was given and there has

3  never been compliance with the Court Order to provide an office or residential

4  address.  It is unknown whether this Honorable Court has discharged the Order to

5  Show Cause as neither an office nor residential address has been forthcoming.

6    A further effort was made to confirm the settlement for the sum of $6,000 on

7  the same updated terms and updated Release.  The Plaintiff was clearly told that if he

8  did not consummate the settlement that was previously reached that a Motion would

9  be made to enforce the settlement and claim reimbursement of attorney's fees which

10  were incurred after the Plaintiff would not sign the previous Release.  The response

11  of the Plaintiff was to indicate he would accept $7,500.  The client and the insurance

12  carrier refused to increase the settlement amount.

13    That the efforts undertaken toward resolution in order to comply with L.R. 7-3

14  are set forth in the LECKIE Declaration on Pages 4-5, and refer to the documents

15  and communications in trying to resolve the matter as Exhibits "A-1" to "A-6".  The

16  position of the Plaintiff left no other alternative except to seek confirmation of the

17  agreed settlement with an offset in full for the attorney's fees that were otherwise

18  unnecessary.  The net result would be zero.

19

20  **3.    A DISTRICT COURT HAS THE POWER TO ENFORCE A**

21  **SETTLEMENT AGREEMENT.**

22    In the case of TNT Marketing, Inc., et al. v. Agresti (1986) (9th Cir.) 796 F.2d

23  276, the parties entered into a stipulated judgment and the party aggrieved in the

24  action moved to enforce the stipulation that led to the judgment. The Court entered a

25  judgment for damages and ordered attorney's fees.

26  / / /

27  / / /

28  / / /

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

43.

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1    In the <u>TNT Marketing, Inc.</u> decision, it is stated at Page 278 as follows:

2            District Court had inherent power to enforce

3        agreement in settlement of litigation before it, subject to

4        possible limitations not present here.

5    The Court further held on page 278 as follows:

6            The District Court's enforcement power included

7        authority to award damages for failure to comply with the

8        settlement agreement.  (citing <u>Hobbs & Co. v. American</u>

9        <u>Investors Management, Inc.</u> 576 F.2d 29, 33 & n. 7 (3d Cir.

10        1978)).

11    It was further held that the breach of the agreement entitled the non-breaching

12  party to specific performance or an award of unliquidated damages, as appropriate

13  (citing <u>Village of Kaktovik v. Watt</u>, 689 F.2d 222 (D.C. Cir. 1982)).

14    It appears that there was no dispute as to the terms, but only as to whether

15  KYLE PEREZ would agree that he was also known as KYLE ANTHONY PEREZ.

16  Both names had been used and there seemed to be no reasonable or logical reason

17  why it would make any difference to the Plaintiff.  It is a total mystery why the

18  Plaintiff would strike out in a Release the very name under which he signed the

19  Release and filed the Complaint against the party being released.  It is submitted that

20  no reasonable or logical person would expect to be paid the settlement sum if the

21  releasing document deleted the name of the party executing the Release.   It is

22  submitted that the actions of the Plaintiff are bizarre and that the terms of the

23  settlement should be confirmed by this Honorable Court.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

**4. THERE SHOULD BE AN OFFSET FOR AN AWARD OF ATTORNEY'S FEES FOR THE ATTORNEY'S FEES INCURRED AFTER THE BREACH OF THE SETTLEMENT BY THE PLAINTIFF.**

The amount of the attorney's fees incurred after it was clear the Plaintiff would not go through with the settlement exceeds the $6,000 settlement amount and should be offset against it whereby the net recovery by the Plaintiff would be zero.

In the case of TNT Marketing, Inc. v. Agresti (cited supra), the breaching party argued that the damages ordered for attorney's fees were awarded for the tort of conversion, but the Court indicates that the award was based on the failure to comply with the judgment.

In TNT Marketing, Inc. v. Agresti (cited supra) at page 278, the breaching party argued that the settlement agreement authorized only injunctive relief. The agreement set out the performance required of the defendants and was silent as to the remedies for the breach. The Court points out as it had already noted in the opinion that settlement agreements may be specifically enforced citing Pennwalt Corp. v. Plough, Inc., 676 F.2d 77 at 80 (3d Cir. 1982). It was further held that an award of damages would also be an available remedy citing Village of Kaktovick, (cited supra) at page 230.

In the case before the Court, none of the attorney's fees incurred would have been necessary if Plaintiff had acted in a reasonable manner instead of deleting his name in a release agreement. The settling party should not be burdened with the additional legal expense in providing a defense to pending litigation because of the unreasonable acts of a releasing party in insisting of deleting a name in which he filed the Complaint being dismissed be stricken from a Release.

The amount of the attorney's fees claimed in the present case after it was clear the Plaintiff would not sign the Release if an "aka" was used is $18,225 on and after 7/1/16. The amount set forth does not include the time involved in completing the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

1  present Motion and the subsequent hearing of the present Motion by this Honorable

2  Court.

3

4  **5.    THE COURT HAS THE POWER TO ORDER ANOTHER PERSON**

5  **NAMED BY THE COURT TO EXECUTE DOCUMENTS PURSUANT**

6  **TO F.R.CIV.P 70(a).**

7          In the present case, there is a reluctance or refusal on the part of Plaintiff to

8  execute the Release and the Stipulation to dismiss the action with prejudice.  It is

9  respectfully prayed that this Honorable Court appoint the Court Clerk for this

10  Honorable Court to execute such documents or such other person as may be

11  appointed or directed by the Court to provide this service.

12

13  **6.    THE COURT SHOULD CONSIDER APPROPRIATE SANCTIONS TO**

14  **BE IMPOSED ON THE PLAINTIFF BASED ON HIS CONDUCT AND**

15  **FAILURE TO COMPLY WITH L.R. 1-3.**

16          It is submitted that the Court review what the Plaintiff has done in the present

17  matter.  The Plaintiff has undertaken threats, intimidation and hostility that should

18  not be tolerated.  The Plaintiff has called counsel for ROBINSON & ASSOCIATES

19  profane and derogatory names and he brought the secretary for counsel for the

20  Defendant to tears.  The e-mails he sent have no place in the judicial system.  If

21  L.R. 1-3 has any meaning, what would be the result if an attorney made the

22  statements used by the Plaintiff in this case?  Counsel has been referred to as a

23  weirdo, incompetent, senile, and by other terms attacking the honesty and credibility

24  of counsel as well as referring to counsel under oath as being incompetent.  Plaintiff

25  is a frequent litigant and has at least two other similar cases in the U.S. District Court

26  plus cases in the Los Angeles County Superior Court and is not a neophyte in court

27  matters and procedure.

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

46.

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1   The Court made an Order that either an office or residence address must
2   appear on Plaintiff's pleading but it appears that this admonition was ignored, and his
3   address is still the same as the general delivery P.O. Box.

4

5   **7.   CONCLUSION.**

6   A settlement was reached and the matter would be resolved by a basic Release.
7   The Plaintiff never objected to the terms, but only the "aka" aspect of his name.  In
8   this situation, the Plaintiff uses different names.  The only "aka" was the addition of
9   a middle name also used by the named Plaintiff KYLE PEREZ.  The Plaintiff had his
10  "KP" signature notarized and then struck the KYLE PEREZ name from the Release
11  each place it appeared.  The Plaintiff claims the notary struck his signature which
12  seems unlikely.  Either way, he had the opportunity to get his signature notarized
13  properly, but declined to do so.  The insurance company would not accept the
14  Release with the name stricken of the payee of the settlement.  The Plaintiff had
15  some other agenda and his refusal to properly sign caused the necessity to incur
16  attorney's fees that were otherwise unnecessary.  These damages directly flow from
17  the breach of the settlement agreement.

18  It is prayed that this Honorable Court review the actions of the Plaintiff whose
19  conduct does not make sense.  The hostility, anger and threats directed toward
20  counsel has no place in a judicial proceeding and is intimidating.  Reference is made
21  to his e-mail of July 7, 2016 (Exhibit "D") in which he makes derogatory remarks
22  and then refers to the Bible and quotes the verse from Exodus which refers to an "eye
23  for an eye, et al."  This sounds like a personal threat and causes concern.  An
24  attorney with our law firm in Los Angeles was asked to handle this matter, but
25  declined saying he had a wife and family.  The Plaintiff brought counsel's secretary
26  of 37 years to tears.  If a pro-se Plaintiff can intimidate others by the use of fear as a
27  litigation tool it would seem to be a blemish on the judicial process.

28  / / /

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

47.

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

1        That counsel is aware of other matters not disclosed due to possible prejudice

2  and it is prayed that the Court grant protective restraining orders to the extent the

3  Court is empowered to do so.

4

5  DATED:  September 13, 2016.       MESERVE, MUMPER & HUGHES LLP

6

7                             BY_____/s/ Bernard A. Leckie_____

8                                 BERNARD A. LECKIE
                              Attorneys for Defendant, ROBINSON &

9                             ASSOCIATES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3 Park Plaza, Suite 430, Irvine, California 92614.

On September 13, 2016, I served the within document(s) described as:

**NOTICE OF MOTION AND MOTION TO CONFIRM TERMS OF SETTLEMENT AND RELEASE AGREEMENT AND FOR DEDUCTION OF ATTORNEY'S FEES FROM SETTLEMENT AND FOR AN ORDER IN RE EXECUTION OF RELEASE BY THE PLAINTIFF IN PRO SE AND FOR ALTERNATIVE EXECUTION IF THE PLAINTIFF REFUSES TO SIGN AND FOR DISMISSAL OF THE CASE WITH PREJUDICE, AND IMPOSITION OF A RESTRAINING ORDER AND SANCTIONS; DECLARATION OF BERNARD A. LECKIE; POINTS AND AUTHORITIES IN SUPPORT**

on the interested parties in this action as stated below:

KYLE PEREZ
General Delivery
In Care Of:  P.O. Box 9653
Canoga Park, CA 91304-9998

[X] (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed above.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 13, 2016, at Irvine, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Marla Trussell | /s/ Marla Trussell |
|---|---|
| (Type or print name) | (Signature) |

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

151845.1

17

Case No.  CV 16-4907 PA (Ex)
MOTION TO CONFIRM SETTLEMENT AND
RELEASE AGREEMENT, ETC.